UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:20 CR 498 SEP |
| | ) | |
| CASEY TIDRICK, | ) | |
| | ) | |
| Defendant. | ) | |

## GUILTY PLEA AGREEMENT

Come now the parties and hereby agree, as follows:

**1.   PARTIES:**

The parties are the defendant CASEY TIDRICK, represented by defense counsel Lucille

G. Liggett, and the United States of America (hereinafter "United States" or "Government"),

represented by the Office of the United States Attorney for the Eastern District of Missouri.  This

agreement does not, and is not intended to, bind any governmental office or agency other than

the United States Attorney for the Eastern District of Missouri.  The Court is neither a party to

nor bound by this agreement.

**2.   GUILTY PLEA:**

Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for the

defendant's voluntary plea of guilty to Count I  of the Information, the Government agrees not to

pursue the charges set forth in the Indictment of September 3, 2020, and that no further federal

prosecution will be brought in this District relative to the events that gave rise to the charging

instruments in this case, of which the Government is aware at this time.

The parties agree that the recommendations contained herein fairly and accurately set forth some guidelines that may be applicable to this case. The Government agrees to request a sentence within the U.S. Sentencing Guidelines range (combination of Total Offense Level and Criminal History Category) ultimately determined by the Court pursuant to any chapter of the Guidelines, Title 18, United States Code, Section 3553, or any other provision or rule of law not addressed herein. The parties further agree that the defendant may request a sentence within or below the U.S. Sentencing Guidelines range (combination of Total Offense Level and Criminal History Category) ultimately determined by the Court pursuant to any chapter of the Guidelines, Title 18, United States Code, Section 3553, or any other provision or rule of law not addressed herein. The defendant further agrees that notice of any such request will be given no later than ten (10) days prior to sentencing and that said notice shall specify the legal and factual bases for the request.  The parties understand that the Court is neither a party to nor bound by the Guidelines recommendations agreed to in this document.

The defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigations, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States, including, but not limited to: a Samsung Galaxy Note 8 cellular telephone, a 16 GB Lexar USB drive, an iPad, a Hewlett-Packard Chromebook laptop computer, an Imation CD, and a Hewlett-Packard desktop computer containing a Hewlett-Packard 500 GB drive. The defendant agrees that said items may be disposed of by law enforcement officials in any manner.

3.   **ELEMENTS:**

As to Count I, the defendant admits to knowingly violating Title 18, United States Code, Section 2252A(a)(2), and admits there is a factual basis for the plea and further fully understands

2

that the elements of the crime of Receipt of Child Pornography which he admits to knowingly committing and for which he admits there is a factual basis are: (1) defendant knowingly received (2) using any means or facility of interstate or foreign commerce, including by computer, (3) images of child pornography, (4) which were visual depictions where the production of such visual depictions involved the use of a minor engaging in sexually explicit conduct and such visual depictions were of a minor engaging in sexually explicit conduct.

4.      **FACTS:**

The parties agree that the facts in this case are as follows and that the Government would prove these facts beyond a reasonable doubt if the case were to go to trial.  These facts may be considered as relevant conduct pursuant to Section 1B1.3:

On or between April 28, 2019 and August 1, 2019, in the Eastern District of Missouri, the defendant knowingly solicited and received two videos and three images over the internet via an electronic high speed data processing digital tablet and cellular telephone device of a nine year-old child engaging in sexually explicit conduct to include masturbation and a lascivious display of her genitals.

The digital tablet and cellular telephone devices utilized by the defendant were produced using materials that had been mailed, shipped or transported in interstate or foreign commerce. The Internet was, and is, a computer communications network using interstate and foreign lines to transmit data streams, including data streams used to store, transfer and receive graphic files. The Internet is a means and facility of interstate and foreign commerce.

While utilizing the internet-based Kik Messenger social media application, the defendant sent two digital images of an erect penis to a nine-year old child after asking the child: "Did you wanna see what I got?" The defendant then directed the minor child "[s]how me your pussy

baby," after which the defendant received a digital image of the vagina of the nine-year old child

with her face in the image. The defendant further asked to see the minor naked and, after

receiving a digital image of the minor child nude from the shoulders to the waist, the defendant

confirmed "[s]o you are 9?"  When the minor child confirmed her age as nine years, the

defendant responded with "[c]ool" and a kiss emoji and a wink emoji. The defendant then told

the minor child that "…I want you to suck my big dock and ride it too." The defendant inquired

of the minor child whether she would let him "fuck" her if she was four or five.  The defendant

sent a further image to the minor child of an erect male penis and asked to see more of the

minor's "pussy." The defendant asked the nine-year old child is she rubs her "pussy" a lot during

the day and asked her to show him at which time the defendant received two videos of the minor

masturbating. The defendant then sends the minor a video that appears to be the defendant

masturbating. The aforementioned communications took place between April 28, 2019 and

August 1, 2019, and during these communications, the defendant was located in Farmington,

Minnesota and the minor was located in Moscow Mills, Missouri. On or about August 1, 2019,

the guardian of the minor child with whom the defendant was communicating alerted law

enforcement to the communications and exchanges of sexually explicit images and videos.

During law enforcement's attempt to locate and identify the defendant, an undercover

police office utilized a fake Kik Messenger social media profile and communicated with the

defendant.  The undercover officer pretended to be a fourteen-year old minor.  During the

communications between the undercover officer and the defendant in September of 2019, the

defendant sent two images of a man with an erect penis in his hand.

On December 4, 2019, the defendant was interviewed by law enforcement and admitted

that he engaged in sexual communications with underage individuals over social media and

requested nude images from them.  The defendant explained that his behavior may have been caused by the fourteen concussions he claimed he has had and because he was emotionally neglected.

5.      **STATUTORY PENALTIES:**

As to Count I, the defendant fully understands that the maximum possible penalty provided by law for the crime of Receipt of Child Pornography to which the defendant is pleading guilty is imprisonment of not less than five years and not more than twenty years, and a fine of not more than $250,000.  The Court may also impose a period of supervised release of not more than life and not less than five years.  **The defendant fully understands that the crime to which a guilty plea is being entered, Receipt of Child Pornography, requires a mandatory minimum term of imprisonment of at least five years.**

Additionally, per 18 U.S.C. § 2259A, defendant fully understands that for offenses committed on or after December 7, 2018, in addition to other criminal penalty, restitution or assessment authorized by law, the Court may impose an assessment for each count of not more than thirty-five thousand dollars ($35,000.00).

6.      **U.S. SENTENCING GUIDELINES: 2018 MANUAL:**

The Defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category.  The parties agree that the following are the U.S. Sentencing Guidelines Total Offense Level provisions that apply.

      a.      **Chapter 2 Offense Conduct:**

            (1)     **Base Offense Level:**  The parties agree that the base offense level is twenty-two (22) found in Section 2G2.2(a)(2).

**(2)**    <u>Specific Offense Characteristics:</u>  The parties agree that the following

Specific Offense Characteristics apply:

(a)    Two (2) levels should be subtracted pursuant to §2G2.2(b)(1),

because the "defendant's conduct was limited to the receipt or

solicitation of material involving the sexual exploitation of a

minor;"

(b)    Two (2) levels should be added pursuant to §2G2.2(b)(2), because

the "material involved a prepubescent minor or a minor who had

not attained the age of 12 years;"

(c)    Two (2) levels should be added pursuant to §2G2.2(b)(6), because

the offense involved the use of a computer or an interactive

computer service for the possession, transmission, receipt, or

distribution of the material, or for accessing with the intent to view

the material;" and

(d)    Three (3) levels should be added pursuant to §2G2.2(b)(7)(D),

because the offense involved "at least 150 images, but fewer than

300" of child pornography.

**b.**    <u>**Chapter 3 Adjustments:**</u>

<u>**(1)  Acceptance of Responsibility:**</u> The parties agree that three levels should be

deducted pursuant to Section 3E1.1(a) and (b), because the defendant has clearly

demonstrated acceptance of responsibility and timely notified the government of

the defendant's intention to plead guilty.  The parties agree that the defendant's

eligibility for this deduction is based upon information presently known.  If

subsequent to the taking of the guilty plea the government receives new evidence of statements or conduct by the defendant which it believes are inconsistent with defendant's eligibility for this deduction, the government may present said evidence to the court, and argue that the defendant should not receive all or part of the deduction pursuant to Section 3E1.1, without violating the plea agreement.

(2)     **Other Adjustments:** The parties agree that the following additional adjustments apply:  none.

c.     **Estimated Total Offense Level:** The parties estimate that the Total Offense Level is twenty-four (24).

d.     **Criminal History:** The determination of the defendant's Criminal History Category shall be left to the Court.  Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable category.  The defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

e.     **Effect of Parties' U.S. Sentencing Guidelines Analysis:** The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines.  The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

7.   **WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:**

a.     **Appeal:** The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

(1)     **Non-Sentencing Issues:**  The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea, the constitutionality of the statute(s) to which defendant is pleading guilty and whether defendant's conduct falls within the scope of the statute(s).

(2)     **Sentencing Issues:**  In the event the Court accepts the plea and, after determining a Sentencing Guidelines range, sentences the defendant within or below that range, then, as part of this agreement, the defendant hereby waives all rights to appeal all sentencing issues other than Criminal History, but only if it affects the Base Offense Level or Criminal History Category.  Similarly, the Government hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court accepts the plea, the agreed Total Offense Level and sentences the defendant within or above that range.

b.     **Habeas Corpus:**  The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

c.     **Right to Records:**  The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

8.     **OTHER:**

a.      **Disclosures Required by the United States Probation Office:**  The defendant

agrees to truthfully complete and sign forms as required by the United States Probation

Office prior to sentencing and consents to the release of these forms and any supporting

documentation by the United States Probation Office to the Government.

b.      **Civil or Administrative Actions not Barred; Effect on Other Governmental**

**Agencies:**  Nothing contained herein limits the rights and authority of the United States

to take any civil, tax, immigration/deportation or administrative action against the

defendant.

c.      **Supervised Release:**  Pursuant to any supervised release term, the Court will

impose standard conditions upon the defendant and may impose special conditions

related to the crime defendant committed.  Some of these special conditions may include

that defendant not possess a computer or internet access, that defendant not have contact

with minors without the authorization of the Probation Officer, that defendant participate

in sexual offender counseling and that defendant not maintain a post office box.  In

addition, as a condition of supervised release, defendant shall initially register with the

state sex offender registration in Missouri, and shall also register with the state sex

offender registration agency in any state where defendant resides, is employed, works, or

is a student, as directed by the Probation Officer.  The defendant shall comply with all

requirements of federal and state sex offender registration laws.

        These and any other special conditions imposed by the Court will be restrictions

with which defendant will be required to adhere.  Violation of the conditions of

supervised release resulting in revocation may require the defendant to serve a term of

imprisonment equal to the length of the term of supervised release, but not greater than

the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release.  The defendant understands that parole has been abolished. If, while on supervised release for this case, the defendant commits a new criminal offense under Chapters 109A, 110 or 117, or Title 18, United States Code, Sections 1201 or 1591, for which imprisonment for a term longer than one year can be imposed, the defendant shall be sentenced on the supervised release revocation to not less than five years and up to the maximum term of life imprisonment.

d.      **Special Assessments:**  Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $100, which the defendant agrees to pay at the time of sentencing.  Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

Pursuant to Title 18, United States Code, Section 3014, for offenses occurring on or after May 29, 2015, and before October 1, 2019, the Court is required to impose an assessment of $5,000 on any non-indigent defendant convicted of an offense under Chapter 110 (relating to sexual exploitation and other abuse of children, including, but not limited to, 18 U.S.C. § 2252A, transportation, distribution, receipt, possession, or access with the intent to view child pornography).

Additionally, per 18 U.S.C. § 2259A, defendant fully understands that for offenses committed on or after December 7, 2018, in addition to other criminal penalty, restitution or assessment authorized by law, the Court shall impose an assessment for each count of not more than thirty-five thousand dollars ($35,000.00).

e.      **Possibility of Detention:**  The defendant shall be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

f.      **Fines, Restitution and Costs of Incarceration and Supervision:**  The Court may impose a fine, restitution (in addition to any penalty authorized by law), costs of incarceration and costs of supervision.  The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately.  Pursuant to Title 18, United States Code, Sections 3663A and 2259, an order of restitution is mandatory for all crimes listed in Sections 3663A(c) and 2259.  The amount of mandatory restitution imposed shall include all amounts allowed by Sections 3663A(b) and 2259 and the amount of loss agreed to by the parties, including all relevant conduct loss.

g.      **Forfeiture:** The defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States.  The defendant agrees that said items may be disposed of by law enforcement officials in any manner.

9.      **ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:**

In pleading guilty, the defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the Government to prove the elements of the offenses charged against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-

11

examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses.  The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding.  The defendant's counsel has explained these rights and the consequences of the waiver of these rights.  The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

Defendant understands that by pleading guilty, defendant will be subject to federal and state sex offender registration requirements, and that those requirements may apply for life.  The defendant understands that defendant must keep said registrations current, shall notify the state sex offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information.  Defendant shall comply with requirements to periodically verify in person said sex offender registration information.  Defendant understands that defendant will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements.  If defendant resides in Missouri following release from prison, defendant will be subject to the registration requirements of Missouri state law.  Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon release from confinement following conviction.  Defense counsel has advised the defendant of the possible sex offender registration consequences resulting from the plea.

If the defendant is not a U.S. citizen, the guilty plea could impact defendant's immigration status or result in deportation.  In particular, if any crime to which defendant is pleading guilty is an "aggravated felony" as defined by Title 8, United States Code, Section 1101(a)(43), removal or deportation is presumed mandatory.  Defense counsel has advised the defendant of the possible immigration consequences, including deportation, resulting from the plea.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the Government's evidence and discussed the Government's case and all possible defenses and defense witnesses with defense counsel.  Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the Government's case and any defenses.

10.   **VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:**

This document constitutes the entire agreement between the defendant and the Government, and no other promises or inducements have been made, directly or indirectly, by any agent of the Government, including any Department of Justice attorney, concerning any plea to be entered in this case.  In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea.  The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

11.   **CONSEQUENCES OF POST-PLEA MISCONDUCT:**

13

After pleading guilty and before sentencing, if defendant commits any crimes, other than minor traffic offenses, violates any conditions of release that results in revocation, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement.  The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

12.    **NO RIGHT TO WITHDRAW GUILTY PLEA:**

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant

understands that there will be no right to withdraw the plea entered under this agreement, except

where the Court rejects those portions of the plea agreement which deal with charges the

Government agrees to dismiss or not to bring.

5.18.21
_____
Date

_____
JILLIAN S. ANDERSON
Assistant United States Attorney

5-18-21
_____
Date

_____
CASEY HDRICK
Defendant

5/18/21
_____
Date

_____
LUCILLE G. LIGGETT   #34589 MO
Attorney for Defendant

15